(No. 29201.—▮▮▮▮▮▮)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* WALTER NIEMEYER, Plaintiff in Error.

*Opinion filed November 21, 1945.*

WALTER NIEMEYER, *pro se.*

GEORGE F. BARRETT, Attorney General, and WILLIAM J. TUOHY, State's Attorney, of Chicago, (EDWARD E. WILSON, JOHN T. GALLAGHER, and W. S. MIROSLAWSKI, all of Chicago, of counsel,) for the People.

Mr. JUSTICE MURPHY delivered the opinion of the court:

The first count of an indictment returned in the criminal court of Cook county in 1940 charged plaintiff in error and one George Soeder with the larceny of a motor vehicle. The second count charged them with receiving a stolen automobile knowing it to have been stolen. Plaintiff in error pleaded guilty to the second count and the first count was nollied. He was sentenced to the penitentiary for a term of from one to twenty years. He brings the common-law record here by writ of error.

The sole contention is that the second count charged plaintiff in error and his codefendant with receiving a stolen automobile from themselves. Omitting the formal

parts of count two, it charged that "Walter Niemeyer, otherwise called Harry Mills, and one George Soeder, otherwise called Adam Hall, * * * on the sixth of March, 1940, in said county of Cook, in the State of Illinois aforesaid, feloniously, unlawfully and unjustly, for their own gain, and to prevent the owner from again possessing his property, did buy, receive and aid in concealing a certain motor vehicle to-wit: an automobile, the personal goods, chattels and personal property of Albert Shaw then lately before feloniously stolen, taken and carried away from said Albert Shaw, by a certain evil disposed person or persons, said Walter Niemeyer and said George Soeder then and there well knowing said motor vehicle to have been feloniously stolen, taken and carried away contrary to the statute, etc." The charge is that the automobile received by plaintiff in error and his codefendant was the property of Albert Shaw and that it had been theretofore feloniously taken from the said Shaw by a certain evil disposed person or persons. Other allegations are sufficient to show that plaintiff in error and his codefendant received the automobile from some person or persons other than themselves well knowing that it had been feloniously taken from the owner. The contention is without merit. The judgment is affirmed.

*Judgment affirmed.*